Ex parte José Agustín Vincenty Martínez, Petitioner and Appellee.—Carmen Vázquez Sánchez et al., Intervenors and Appellants.

Nos. 4274 and 4282. Argued March 8, 1928.—Decided June 18, 1929.

*Luis Muñoz Morales, Angel A. Vázquez* and *Benet & Souffront* for the appellants. *José Sabater* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Juan Vincenty Ramos died in Mayagüez on November 4, 1926, while married to Carmen Vázquez Sánchez, who had borne no children. This was his only marriage and he died intestate without living ascendants. A few days later José Agustín Vincenty y Martínez, known as Agudo or Augusto Vincenty Martínez, presented in the District Court of Mayagüez an *ex parte* petition to be adjudged an intestate heir of Juan Vincenty Ramos with the widow as heir of the statutory usufructuary quota. He alleged that he was the natural son of Juan Vincenty Ramos acknowledged by him in the record of his baptism and corroborated by the permission given to him to contract marriage as well as by a public deed. Carmen Vázquez Sánchez, the widow, opposed that declaration of heirship and denied that the petitioner was the acknowledged natural son of Juan Vincenty Ramos, alleging that her husband left at his death no legitimate or acknowledged natural children, ascendants, brothers, legitimate nephews or children of these and for that reason she moved to be declared the sole heir of her deceased husband. There also appeared in that proceeding several persons of the name of Oxíos Vincenty as legitimate children of Ana María Vincenty, a deceased sister of Juan Vincenty Ramos, and others of the name of Vincenty Semidey as legitimate children of Marcelino Vincenty Ramos, a deceased brother of Juan Vincenty, and Antonia Semidey, who opposed the petition of José Agustín Vincenty Martínez by denying that he was the acknowledged natural son of Juan Vincenty Ramos, and also opposed the petition of the widow that she be declared the sole heir, and moved that they be declared heirs of Juan

Vincenty Ramos with the widow in the statutory usufructuary quota.

After the corresponding trial the district court rendered judgment declaring the heirs of Juan Vincenty Ramos to be his acknowledged natural son José Agustín Vincenty Martínez and also the widow, Carmen Vázquez, in the statutory usufructuary quota. Appeals have been taken from that judgment by the widow and the nephews and they have been prosecuted separately, but were heard together and will be disposed of jointly because they are closely related in that the fundamental question in both is whether José Agustín Vincenty Martínez has proved himself to be the acknowledged natural son of Juan Vincenty Ramos, in which case neither the nephews nor the widow would have rights to the inheritance, except the widow as to her statutory share as widow.

As the first ground of her appeal the widow alleges that the trial court erred in weighing the evidence and that the evidence is entirely insufficient to justify a declaration of such heirship in favor of José Agustín Vincenty Ramos, known as Augusto or Agudo Vincenty Martínez.

We have held in several cases that the proceeding for the declaration of intestate heirs of a deceased person governed by sections 19 and 20 of the Special Legal Proceedings Act is not the proper proceeding for declaring a person to be the acknowledged natural child of the deceased and that a successful result therein requires the existence of a public and authentic document showing such acknowledgment; therefore, the fundamental question in the present case is whether there exists such a document showing that the appellee was acknowledged as the natural son of Juan Vincenty Ramos.

Juan Vincenty Ramos married Carmen Vázquez Sánchez in 1898. The appellee was born before that year and in order to show that he had been acknowledged by Juan Vincenty Ramos as his natural son he produced at the trial his baptismal certificate which reads as follows:

"Parish of Candelaria, Mayagüez, P. R. Inocente Colmenares

Graña, in charge of the parochial records of Mayagüez, certifies that the following entry appears at folio 188 of book 38 of baptisms: In the city of Mayagüez, February 4, 1874, priest Clemente Seda, coadjutor of this parish, solemnly baptized a boy born on August 13 of the previous year whom he named José Agustín, acknowledged child, according to document, of Juan Vincenty and María Martínez, the paternal grandparents being Manuel Vincenty and María Cruz Ramos and on the mother's side Simón Martínez and María Micaela Hernández. His godparents were Simón Rochet and María Matilde Charrón and they were informed of the spiritual relationship and duties, to which I certify. (Signed) Inocente Colmenares Graña, clerk. Vicar Pedro Gallardo. Luis J. Willinger, C.S.S., vicar of Mayagüez. (Parochial seal paid.)''

It is not denied by the parties that the entry in the books of that parish is authentic and accurate in its terms, and the whole question before the district court and in this appeal turns on whether it contains an acknowledgment of José Agustín Vincenty Ramos as the natural son of Juan Vincenty Ramos.

The then vicar of that parish, Pedro Gallardo, who signed the baptismal record, stated therein not only that priest Clemente Seda, coadjutor of that parish, baptized the boy José Agustín, but also that he was acknowledged by Juan Vincenty Ramos as his natural son, according to document; and as all of that appears in a document which is authentic because it has been admitted by the parties and it has such character because in 1874 the parochial books of the Catholic Church contained the civil status of persons, that is, the birthday which was stated in the baptismal, the marriage and the death records, we have to conclude that when the said vicar stated that the appellee was acknowledged as a natural son according to document he must have had before him such a document containing the acknowledgment. Consequently, in view of that document's nature and its antiquity of more than half a century, we must conclude that the appellee proved thereby his alleged acknowledgment, as this is not a case in which the record states only that the child had been acknowl-

edged as a natural child by a certain person without adding that the acknowledgment was made before the priest who administered the sacrament or without showing the signature of the person who made the acknowledgment, as has occurred in other cases, for the record adds that he was acknowledged according to document, and consequently we have to admit on the testimony of the vicar that the document existed and contained the said acknowledgment. In *Otero et al.* v. *People,* 26 P.R.R. 75, referring to *Iturrino* v. *Iturrino,* 24 P.R.R. 439, this court said:

"Prior to 1885 the parish priests had charge of the civil registry and were public officials, before whom natural children were acknowledged and whose certificate to that effect sufficed to establish the fact. The clergy constituted a department of the State up to the time of the change of sovereignty. Moreover, our courts 'are always inclined to favor the natural child when the acknowledgment appears clearly and publicly in whatever form such acknowledgment may be made, if an authentic record of the same remains.' "

The appellee proved also that in the same parochial book and in other contemporaneous entries there appeared acknowledgments of natural children "according to document" and that some of these have been found in the parochial records signed by the father who made the acknowledgment and by one or more witnesses, and that others ·have not been found, among them that of the appellee. And by supplementary evidence of a witness to whom the trial court gave full credit, without our being able to say that it erred therein, he proved also that the said document whereby Juan· Vicenty Ramos acknowledged José Agustín Vincenty Martínez as his natural son was executed in the parish and remained there.

In the *Otero Case, supra,* in which the baptismal certificate of the petitioner contained the statement that he had been acknowledged by his father as his natural son "according to document existing in the archives". and in which that document was found and presented, we reversed the judgment

which denied him the right to the inheritance as acknowledged natural son.

The second ground of the appeal is that the trial court erred in holding that the evidence of the petitioner to show the acknowledgment was not attacked in any form. But it is unimportant whether or not it was attacked, because even if it had been attacked it results that the appellee proved by an authentic document that he was the acknowledged natural child of Juan Vincenty Ramos.

It is alleged finally that there was error in applying to this case the jurisprudence established in *Ex Parte Otero,* 27 P.R.R. 315.

The trial court, in setting forth its ground for the judgment appealed from, cited that case, but did not rely exclusively on it, as said by the appellant, because it cited other cases, but even if the case had been cited erroneously that would not be a reason for reversing the judgment in view of the fact that it is supported by the contents of the record.

In view of the conclusion reached the appeal taken by the Vincenty Semidey and Oxíos Vincenty brothers can not be sustained because the appellee as the acknowledged natural son of Juan Vincenty Ramos has a preferred right to the inheritance with respect to his nephews.

The judgment appealed from must be affirmed.